IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| AHMET CHABUK, | No. 88263-5-I |
| Appellant, | |
| v. | |
| SHANNON STEWART and ALL OTHER OCCUPANTS, | UNPUBLISHED OPINION |
| Respondents. | |

BOWMAN, A.C.J. — Ahmet Chabuk sued Shannon Stewart for unlawful detainer. After a bench trial, the court determined that Stewart was not liable, dismissed Chabuk's complaint, and awarded Stewart attorney fees and costs. Stewart appeals, arguing the trial court erred by awarding attorney fees at a reduced rate. Because the court provided insufficient findings to support its award, we reverse and remand.

FACTS

In October 2014, Stewart leased a house from Chabuk at 17711 Viking Way NW in Poulsbo. In September 2024, Stewart stopped paying rent. On October 28, 2024, Chabuk served Stewart with a 14-day notice to pay rent or vacate the premises. Stewart still did not pay or vacate. On November 20, Chabuk sued Stewart for unlawful detainer, alleging she failed to pay $2,775 for rent from September to November 2024 and requesting a writ of restitution. The court set the matter for trial. On December 5, the court appointed Eric McDonald

to represent Stewart under RCW 59.18.640. McDonald is an attorney with Compass Legal Services PS, which contracts with Kitsap Legal Aid Services (KLAS) to represent eviction clients under RCW 59.18.640.[1]

On December 17, 2024, Stewart answered the complaint, raising an affirmative defense that Chabuk breached his duty of implied habitability. On February 24, 2025, following a bench trial, the court entered findings of fact and conclusions of law. It concluded that Chabuk breached the implied warranty of habitability, as Stewart gave Chabuk notice of several habitability issues but he failed to address them.[2] The court determined the house became "totally uninhabitable" before Stewart stopped paying rent on September 1, 2024. It concluded that as a result, Stewart "owed no rent from September 1, 2024 onward" and was not liable for unlawful detainer. The trial court then dismissed Chabuk's complaint without prejudice.

On March 7, 2025, Stewart moved the trial court to award her $28,537.50 in attorney fees plus costs of $76.00 under RCW 59.18.290. She asked the court to award fees based on McDonald's hourly rate of $300 and the paralegals' hourly rates of $125 and $150, which were the "normal . . . billing rate[s] for [their] practice in Kitsap County." On March 19, Chabuk opposed the motion, arguing the court should deny the request because (1) the state must pay the attorney

---

[1] Under the terms of the contract between Compass Legal Services and KLAS, counsel and paralegals are compensated at an hourly rate of $105. And the Kitsap County rate for court-appointed counsel is $135 per hour.

[2] The trial court found that the house had "many severe issues, including issues with the heating, water, electrical, air quality, a rat infestation, and structural issues with the flooring."

fees and costs under RCW 59.18.640, (2) the court has discretion to deny fees, and (3) the amount requested is excessive.

On March 28, 2025, the trial court held a hearing on Stewart's motion for attorney fees and costs and then took the matter under advisement. On April 21, the court granted Stewart attorney fees and costs at a reduced rate. It awarded her $12,840 in attorney fees based on its findings that a rate of $135 per hour for McDonald's work and a rate of $100 per hour for the paralegals' work were "reasonable rate[s]."

Stewart appeals.

ANALYSIS

Stewart argues the trial court erred by awarding her attorney fees at a reduced rate. Both parties request attorney fees and costs on appeal.

1. Trial Court's Award of Attorney Fees and Costs

Stewart argues the trial court erred by reducing the attorney fee award without making sufficient findings under RCW 59.18.030(27). We agree.

We review a trial court's decision regarding the amount of an attorney fee award for abuse of discretion. *Cromar v. Tag Realty, LLC*, 35 Wn. App. 2d 839, 852, 582 P.3d 887 (2025). A trial court abuses its discretion when its decision is manifestly unreasonable, is based on untenable grounds, or if no reasonable person would take the trial court's position. *Id.* A trial court must provide findings of facts and conclusions of law that sufficiently permit an appellate court to determine why it awarded the amount in question. *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 144, 331 P.3d 40 (2014); *see also Crest Inc. v. Costco Wholesale*

*Corp.*, 128 Wn. App. 760, 774, 115 P.3d 349 (2005) (reversing an attorney fee award and instructing the trial court to "consider[ ] all applicable factors and to provide a written articulable basis for its determination").

The Residential Landlord-Tenant Act of 1973 (RLTA), chapter 59.18 RCW, provides a procedure for evicting tenants as unlawful detainers. *Randy Reynolds & Assocs., Inc. v. Harmon*, 193 Wn.2d 143, 156, 437 P.3d 677 (2019). Under RCW 59.18.290(2), a tenant cannot hold over in the premises after termination of the rental agreement. If a tenant unlawfully remains on the premises, the landlord may sue them for unlawful detainer and apply for a writ of restitution. RCW 59.18.370; *Harmon*, 193 Wn.2d at 156-57. Under RCW 59.18.640(1), the court must appoint counsel for an indigent tenant in an unlawful detainer proceeding. The Office of Civil Legal Aid implements the court appointments, and "the state shall pay the costs of legal services provided by an attorney appointed pursuant to this subsection." *Id.*

The RLTA also provides that the prevailing party in an unlawful detainer action may recover their costs and reasonable attorney fees under RCW 59.18.290(2).[3] *Tedford v. Guy*, 13 Wn. App. 2d 1, 11, 462 P.3d 869 (2020). The RLTA defines "reasonable attorneys' fees" as

> an amount to be determined including the following factors: The time and labor required, the novelty and difficulty of the questions

---

[3] RCW 59.18.290(2) provides:
It is unlawful for the tenant to hold over in the premises or exclude the landlord therefrom after the termination of the rental agreement except under a valid court order so authorizing. Any landlord so deprived of possession of premises in violation of this section may recover possession of the property and damages sustained by him or her, and the prevailing party may recover his or her costs of suit or arbitration and reasonable attorneys' fees.

involved, the skill requisite to perform the legal service properly, the fee customarily charged in the locality for similar legal services, the amount involved and the results obtained, and the experience, reputation and ability of the lawyer or lawyers performing the services.

RCW 59.18.030(27).[4]

Here, Stewart requested attorney fees of $28,537.50 based on McDonald's "normal . . . billing rate" in Kitsap County of $300 per hour and the paralegals' "normal . . . billing rates" of $125 and $150 per hour. The trial court granted Stewart an award of attorney fees at a reduced rate, stating:

> Attorney McDonald billed a total of 88.5 hours at $300/hr. . . . Under the terms of attorney McDonald's contract with [KLAS], he is compensated at $105/hr. This Court finds a rate of $135/hr to be reasonable under these circumstances and therefore will grant $11,394 in attorneys fees for attorney McDonald's work in this case.
> Attorney McDonald also billed for work performed by two paralegals—Kenzie Blowers, billed at $125/hr and Britni Osborn, billed at $150/hr. . . . The Court has determined that a reasonable rate for the paralegal work is $100/hr and will therefore grant $1,370 in paralegal fees, for a total of $12,764 in fees and $76 in costs.

But the trial court did not explain why it awarded fees at a reduced rate rather than fees based on those "customarily charged in the locality for similar legal services." RCW 59.18.030(27); *see also Council House, Inc. v. Hawk*, 136 Wn. App. 153, 160, 147 P.3d 1305 (2006) (explaining that under the RLTA, the court must "consider 'the fee customarily charged in the locality for similar legal services,' not the amount actually charged").

---

[4] We use RCW 59.18.030(27)'s statutory factors rather than the "lodestar method" to calculate fees because a trial court should use the lodestar method only when a statute authorizing fees does not specify the appropriate method of calculation. *In re Disciplinary Proc. Against Dynan*, 152 Wn.2d 601, 617, 98 P.3d 444 (2004).

McDonald attested that his customary billing rate for his services in Kitsap County was $300 per hour, and Chabuk provided no evidence contradicting that figure.  Nor did the court make any findings under RCW 59.18.030(27).  Because we cannot determine from the record why the trial court awarded the amount in question, its findings are insufficient, and we reverse its award of attorney fees and costs.

Chabuk argues that McDonald is not entitled to an award of fees at all because the court appointed him to represent Stewart under RCW 59.18.640(1). He argues that an award of attorney fees permits McDonald to "double dip[ ]" by collecting fees from both Chabuk and the state.  But the plain language of RCW 59.18.290(2) and .030(27) entitle the prevailing party in an unlawful detainer action to "reasonable attorneys' fees" based in part on the "fee customarily charged in the locality for similar legal services."  And the amount of a fee award "does not turn on whether the lawyer acts in the public interest."  *Orchard on the Green, LLC v. Hawkins*, No. 60509-1-II, slip op. at 9 n.8 (Wash. Ct. App. June 16, 2026), https://www.courts.wa.gov/opinions/pdf/D2 60509-1-II Published Opinion.pdf.[5]

We reverse the trial court's award of attorney fees and costs and remand for proceedings consistent with this opinion.

---

[5] As much as Chabuk argues that the award of fees permits "double dipping," he provides no evidence that McDonald retained both the fees that the state paid and the fees that the trial court awarded.

2. Attorney Fees and Costs on Appeal

Stewart requests attorney fees and costs on appeal under RAP 18.1 and RCW 59.18.290. RAP 18.1(a) allows recovery of reasonable attorney fees and costs if applicable law grants a party the right on review. RCW 59.18.290(2) allows a court to award attorney fees and costs to the prevailing party in an unlawful detainer action. *See also Skinner v. InCity Props. Holdings, Inc.*, 35 Wn. App. 2d 436, 461, 580 P.3d 986 (2025) (we may award attorney fees and costs to the prevailing party on appeal under RCW 59.18.290). Because Stewart is the prevailing party on appeal, we grant her request in compliance with RAP 18.1.[6]

We reverse the trial court's order awarding Stewart $12,840 in attorney fees and costs and remand for proceedings consistent with this opinion. We also grant Stewart attorney fees and costs on appeal.

_____, ACJ

WE CONCUR:

_____        _____
                               Mann, J.

---

[6] Chabuk also requests attorney fees and costs on appeal but fails to cite an applicable law granting him recovery. *See* RAP 18.1(a). So, we deny his request.